Good morning, Your Honors. My name is Deborah Bookout, and I represent Petitioner-Appellant James D'Agusto. I'd like to reserve two minutes for rebuttal, please. The issue presented in this appeal involves a claim of ineffective assistance of counsel in the context of a plea. In deciding the issue, the State Courts found that counsel's failure to conduct investigation into the photographic evidence was a strategic decision, despite the fact that no court has ever held a hearing on Mr. D'Agusto's claim. And the warden is asking this court to do what the State Courts did, and that is to construct a strategic justification for counsel's performance where counsel hasn't offered any. This court specifically held in Alcala v. Woodford that it will not assume facts not in the record in order to manufacture a reasonable strategic decision for counsel. In this case, Mr. D'Agusto has presented a prima facie case of his ineffective assistance of counsel claim. He contended that counsel who failed to conduct any investigation into the photographic evidence prior to advising him to enter a plea to count one, a count that... Well, counsel saw the pictures. They came in at the preliminary examination, right? The Justice Court, the... I'm sorry, did you ask me if counsel did or the court did? Right, the defense counsel. Another defense counsel did, not the same one that negotiated the plea. And the Justice Court, of course, would have reviewed those photographs to bind him over to district court. He had two different counsel in district court, as well as a different judge, of course. Mr. D'Agusto contended that his attorney failed to conduct any investigation into whether the photographs in count one depicted sexual conduct as alleged in the criminal complaint and the information. It was a negotiated plea agreement. And he originally was charged, I think your brief points out, that he was originally charged with many other counts and more serious counts, and that ultimately those counts were dropped in exchange for his pleading guilty to this other count. So didn't he get the benefit of his plea agreement by entering a plea to the charges at the state court level and getting all the other charges dropped? Well, he got the benefit of the plea agreement. My argument would be that he didn't get the benefit of making an informed decision about whether he should enter a plea when there was evidence suggesting that the state couldn't have actually proven, at least with respect to count one, the charges against him. The counts he pled to had a lower sentence than what were dropped, correct? Well, only the kidnapping charges would have been equal in terms of time he would have been looking at. The other ones, I believe there were many possession of photographs depicting sexual conduct. Those would be lesser offenses. But what about they didn't press the prior conviction? He had a prior sex conviction. They did press that. For sentencing? Wouldn't it have increased the time until he was eligible for parole? No, I'm not aware that it would have been, only that that was taken into consideration with respect to the count on failing to register. I don't know if I can answer that question. I was not aware that there was any discussion about his habitualization. In addition, Mr. DeGusto can ---- What about Nevada revised statute 200.710 and 200.75 for using a minor under 14 years of age? That was count 12. Wouldn't that have increased? Wouldn't there have been enhanced penalties? Minimum parole eligibility would have been 10 years instead of five years? No, what they agreed to was to, in the plea agreement, what they agreed to was to a charge where the victim was a different age. Right. But what I'm saying is if he didn't enter into the plea agreement and they threw the book at him, so to speak, and he got convicted of all the charges, wouldn't the minimum parole eligibility have been 10 years instead of five years? Yes, sir. And his minimum parole eligibility was five years. Right. So that's a benefit he got pursuant to the plea agreement, not only dropping the kidnapping charge. Only if the State could prove that charge. And there's some strong evidence that they could not have. But the kidnapping and the possession of the pornographic video charges were entirely independent of the photos you're arguing about now. The ---- Two of the charges that were dropped. The videotape charge was, I believe, count two, and then that he did at plea two. The only count he's contesting is count one, the production of a piece of minor in production of porn. I realize that now, but at the time of the negotiation of the plea agreement, presumably he pled to that charge in order to not proceed to trial on the other charges, which is a strategic decision by counsel. Well, except counsel's strategic decision is only entitled to deference if there's any indication that he conducted any investigation into all of the allegations against Mr. DeGusto. Again, counsel that was at the preliminary hearing who had testimony with respect to the photographs as well as the alleged kidnapping was not the same attorney that negotiated the plea. Additionally, the fact of the matter is in count one, the photographs that were used to convict or that were introduced in evidence on that particular count, in the preliminary hearing, don't depict the sexual conduct as alleged in either the complaint or the information that Mr. DeGusto ended up pleading guilty to. The argument is that's if you need full nudity, which Nevada hasn't really decided yet. No, that's if you need sexual conduct. They specifically alleged in the complaint as well as the information that the photographs depicted sexual conduct, which is, in fact, not the case as defined by Nevada law. So what Mr. DeGusto is claiming is that had he known there was a defense to at least that count, the count that he is currently serving a life sentence on, he would not have entered a plea. Had he known there was any defense at all, he would not have chosen to enter the plea to that count. And I would suggest that the State could not have proven the kidnapping charges as well as that. I think you're making an assumption that I don't think you can cite any direct authority on it. Sexual conduct under Nevada revised statute 200.75, 700, subsection 3, says sexual intercourse, lewd exhibition of the genitals, and then there's a question as to whether lewd exhibition of the genitals requires him to be clothed or unclothed. And under federal law, they can be clothed. Under Illinois law and some other states, they can't be clothed. But Nevada hasn't decided this, and so what you're saying is he would have taken the risk of saying, forget the plea agreement, I want to go to trial on everything, including the kidnapping charge, because the kidnapping charge is tied to this, on hope that the Nevada court would come out the way the Illinois court has come out and not the way the federal courts and the California court has come out. That's the gamble that you would be putting to him, saying, okay, you want to roll the dice? If you win, this count gets tossed out. If you lose, the book is thrown at you. I think there's a couple of responses to the court's concern. The fact of the matter is the language in Nevada statute specifically requires exhibition of the genitals, which we don't have here. Additionally, because this is at least debatable, counsel definitely then had some obligation to conduct some investigation into whether or not the state could prove that these photographs violated Nevada law. There's no indication in this record that any investigation by counsel was conducted. Well, but say you conducted the investigation today. Tell me the Nevada Supreme Court or the Nevada appellate court case that says that this would not absolutely constitute lewd exhibition of the genitals. For example, when he has his legs spread and he's got the ball in front or when his clothes are pulled down. Tell me the case that says that. I can't refer to a case in Nevada that says that. There is not. Well, I can refer the court to the cases cited in the briefing in which a defendant was convicted of Nevada Revised Statute 200.710, and in that case the description of those photographs isn't anywhere near what was depicted in Mr. D'Agusto's photograph. I have one minute. But in those cases they didn't say that you can't be clothed. Those are cases where they weren't clothed. No, they didn't say you couldn't be clothed or you had to be unclothed. They simply described photographs that in no way are like the ones depicted in Mr. D'Agusto's case. And, again, the argument is because we're having a debate about this, even more reason for counsel to have conducted some investigation as to what Mr. D'Agusto might have been exposed to and at least informed Mr. D'Agusto of those facts before he entered a plea to a charge that carries a life sentence. A few seconds left on rebuttal. All right. Thank you, counsel. May it please the Court and counsel, my name is Robert Wieland. I'm a senior deputy attorney general employed by the Office of the Attorney General of the State of Nevada. As is apparent, this matter is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's claim fails for several reasons. First of all, in his petition he acknowledges that he spoke with his counsel about the defense. He claims he asked his counsel on numerous occasions to consider or to see if the photographs were actually pornographic as he describes them. But notwithstanding that in his representation that he asked counsel to do that, he went ahead and entered his guilty plea anyway. He waived the preliminary hearing. He waived his trial. He decided he was going to enter a guilty plea. In the factual basis, he said that they were nude. Yes. As a matter of fact, he did in fact concede as part of the as reflected in the memorandum of plea negotiations and during the plea colloquy, he did concede that they were nude photos of young boys, or at least the young. Were there any? Were there any nude photographs? Well, it's my estimation, Your Honor, that certainly the one photograph, well actually I think two of them were very clearly nude photographs. Which ones? I think the one with the ball. I beg your pardon? With the ball. Exhibit 4A, Exhibit 4B, 4C. In my estimation, Your Honor, it would satisfy the nudity aspect. Does nude satisfy the requirements of the Nevada statute in the definition of sexual conduct? I believe it would, but that's not a factor because what we're looking at under Hill v. Lockhart is not just whether or not counsel's performance fell below an objective standard of reasonableness, but whether or not, notwithstanding that, he would have pled not guilty and would have insisted on going to trial. In this case, he admits he discussed the very issue with his counsel and decided to plead guilty anyway. Therefore, we know as a matter of fact he would not have insisted on going to trial. What are you referring to in the record when you say he admits that he discussed this with his lawyer? It was in his petition for rid of habeas corpus. He says he asked his counsel several times to determine whether or not they were, I think, said pornography. Well, that's different than discussed it, whether it was. You're saying he asked them to determine whether it was. I forget the precise language, Your Honor, if I might have a moment. You're saying it's in the actual petition? Yes. But he claims to have discussed or raised this issue, and as Your Honor pointed out, he elected not to roll the dice in this particular case. He got a substantial benefit. He got two first-degree kidnapping charges, each with a potential penalty of five to life, dismissed as a result of the negotiations. He got seven possession of child pornography charges dismissed, too, each of which carries a one to six penalty. And, of course, they can all be run consecutive. He got thrown out also as part of the plea negotiation a use of a minor in child pornography, which carries a five to life. And as Your Honor noted, too, he got also thrown out. The state agreed to throw in, agreed not to seek to have him adjudicated a habitual criminal on any or all of the charges. So he had at least minimally his exposure reduced by, I think, 41 years on the low side. And that being the case, along with the fact his acknowledgement that he spoke with his counsel about this thing shows that the claim is absolutely and utterly without merit. What did he actually get sentenced to? I forgot the sentence he got. He got a five to life on the use of a minor in a pornographic photograph. He got, I'm sorry, Your Honor, I can't remember exactly what he got on the failure to register. Well, Ms. Lookout said he was serving a life sentence, I think she stated. Anyway, he got a five years to life, as you recall. Yes, but the five years minimally as opposed to 50 years minimally. I think I worked it out, and I think it came out to something like nine years as opposed to 50 years. He got 72 months on the second count and 48 months on the third. Right, so it converts to nine years to life as opposed to minimally 50 to life. And they were consecutive. Yes. And it could have been much worse than that had he been adjudicated a habitual criminal. So unless the Court has any other questions, thank you very much. Thank you, counsel. I'll give you a minute. The second issue presented in this appeal is whether the district court failed to conduct an evidentiary hearing on Mr. D'Agusto's claim. And I think it's clear from the prior discussion that he has presented a colorable ineffective assistance of claim, alleging facts which, if proven true, would entitle him to relief. Additionally, he had not failed to develop the facts in state court, as he specifically requested an evidentiary hearing in a state post-conviction proceedings on his issue. And he specifically asked for counsel to represent him in a state petition. He is currently serving a life sentence on count one for a crime in which it at least is debatable whether or not the state could have proven without any investigation into that fact conducted by counsel. At the very least, he was entitled to an evidentiary hearing. All right. Thank you very much, counsel. D'Agusto v. Farwell will be submitted. We'll take up Brown v. Hall.
judges: Thompson, Wardlaw, Moskowitz